IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

2:55 pm, 1/30/14

Tim J. Ellis
Clerk of Court

In re                                                    )
                                                         )
ROBERT M. LANE aka BOB LANE,             )     Case No.   11-20398
                                                         )     Chapter 7
              Debtor.                         )

## OPINION ON FIRST INTERIM APPLICATION OF LINDQUIST & VENNUM LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

On January 15, 2014, the above-captioned Application and the objection filed by

Robert Lane ("Debtor") came before the court. At the conclusion of a two-day trial, the

court took the matter under advisement. Upon review of the record, testimony and other

evidence, the parties' arguments, and applicable law, the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(A). The

Application was submitted pursuant to 11 U.S.C. § 328.[1]

**Facts**

Debtor filed his bankruptcy petition, schedules and statements on April 19, 2011.

Gary A. Barney ("Trustee") was appointed as the chapter 7 trustee to administer the case.

Debtor's discharge was entered on August 5, 2011. On September 19, 2011, the Trustee

submitted his *Application for Order Authorizing the Employment of Lindquist and*

---

[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

*Vennum P.L.L.P. as Counsel for the Chapter 7 Trustee* ("Employment Application"). At

that time, Debtor was represented by counsel. Both the Debtor and his counsel were

served a copy of the Employment Application. No objections to the Employment

Application were filed by the Debtor, his counsel or by any party-in-interest.[2] The court

entered its *Order Authorizing the Employment of Lindquist and Vennum P.L.L.P as*

*Counsel for the Chapter 7 Trustee* ("Employment Order") on September 26, 2011.

Lindquist and Vennum (L&V) were retained to perform the following

professional services, as listed in the Employment Application:

"(a)     Provide the Trustee with legal counsel with respect to his
powers and duties as a trustee under the Bankruptcy Code;

(b)     Attend meetings and negotiate with representatives of
creditors and other parties in interest and advise and consult on the conduct
of this Chapter 7 case, including all of the legal and administrative
requirements of operating under Chapter 7;

(c)     Take all necessary actions to protect the Trustee's interests,
including the prosecution of actions and appeals on the Trustee's behalf in
the Bankruptcy Court and elsewhere, the defense of any actions
commenced against the Trustee, and the negotiation of all litigation in
which the Trustee is involved;

(d)     Prepare on behalf of the Trustee any necessary applications,
complaints, answers, motions, reports, and other legal papers, and represent
the Trustee in negotiations and at all hearings in this case and related
proceedings;

(e)     Perform other legal services for the Trustee that may be
necessary herein."

---

[2] Debtor was represented by counsel during the initial stages of filing his bankruptcy. His counsel filed a
motion to withdraw on December 20, 2012. The court approved the motion on January 2, 2013. Since that time,
Debtor has proceeded *pro se*, with the exception of the limited entry of appearance filed by Hall & Evans, L.L.C.
(*See* Docket No. 533).

In consideration for the services provided, L&V and the Trustee negotiated a

contingent fee of 37.5 percent of the gross recovery "from actions in which L&V

represents the Trustee, whether as a result of settlement or trial..." and reimbursement of

expenses.

As of the date this Application was filed, L&V assisted the Trustee in recovering

the amount of $17,085,245.80 in assets for the bankruptcy estate. The Trustee and John

Smiley ("Smiley"), lead counsel for L&V, each testified that the estate expects to recover

additional assets which are likely to pay all claims in full and may return a surplus of

assets to the Debtor.

**Discussion**

L&V requests attorneys' fees in the amount of $6,406,967.18 and reimbursement

of expenses in the amount of $68,733.90 for a total award of $6,475,691.08. The only

objection was filed by the Debtor. L&V asserts that: (1) the Debtor does not have

standing to object; and, (2) based on § 328 and the Employment Order, the Application

should be approved unless the terms are improvident and could not have been anticipated

at the time the agreement was entered into between the Trustee and L&V.

Circumstances requiring employment of L&V

The Trustee testified that upon his appointment to administer the Debtor's chapter

7 bankruptcy case, he initially reviewed Debtor's petition, schedules and statements

which reflected that this was a "no-asset" case.[3]  Shortly thereafter, the Trustee received

---

[3] A "no asset" case results in a debtor receiving a discharge, but the unsecured creditors do not receive
payment on their claims as the debtor's bankruptcy estate does not have any assets to liquidate for distribution.

notification from Debtor's ex-spouse's attorney, Bruce Glesby ("Glesby") regarding

divorce litigation in California and various assets that the Debtor had not disclosed on his

bankruptcy petition and schedules.

The Trustee testified that he has 30 years of experience as a chapter 7 trustee.

Upon reviewing the Glesby letter, the Trustee determined that the case was going to be

factually complicated and legally complex and he needed to retain counsel with

experience in complicated bankruptcies and asset recovery.  At that time, the Debtor's

bankruptcy estate did not have any assets or funds to pay an attorney.  Upon contact from

the Trustee,  L&V reviewed the Debtor's bankruptcy file and the Glesby letter.

Thereafter,  the parties negotiated the contingency fee agreement and the Trustee's

sought the court's authority to retain L&V.

Debtor objects to the approval of the Application, alleging: (1) the fees are

unreasonable; (2) the fees exceed the amounts permitted under Wyoming Rules; (3) a

paralegal at L&V provided accounting services without authority from the court; (4) the

requested expense reimbursements do not comply with the Internal Revenue Code; (5)

L&V lists services provided prior to the date of retention; (6) L&V engaged in activities

to increase fees; (7) L&V (and the Trustee) have not performed their duties and are

grossly negligent; and, (8) the fees should be limited to thirty percent (30%) of the

allowed claims.

The Bankruptcy Code provides,

> "The trustee, or a committee appointed under section 1102 of this
> title, with the court's approval, may employ or authorize the employment of

a profession person under section 327 or 1103 of this title,[4] as the case may
be, on any reasonable terms and conditions of employment, including on a
retainer, on an hourly basis, on a fixed or percentage fee basis, or on a
contingent fee basis. Notwithstanding such terms and conditions, the court
may allow compensation different from the compensation provided under
such terms and conditions after the conclusion of such employment, if such
terms and conditions prove to have been improvident in light of
developments not capable of being anticipated at the time of the fixing of
such terms and conditions."[5]

Under § 327, the trustee, subject to the court's approval, may employ professional

persons to represent or perform services for the estate. The relevant provision states,

"Except as otherwise provided in this section, the trustee, with the
court's approval, may employ one or more attorneys, accountants,
appraisers, auctioneers, or other professional persons, that do not hold or
represent an interest adverse to the estate, and that are disinterested
persons, to represent or assist the trustee in carrying out the trustee's duties
under this title."[6]

Trustee's objection/argument

(1)    Debtor's standing to object.

After considerable litigation and negotiation, which included the Trustee initiating

three adversary proceedings, motions objecting to Debtor's claimed exemptions, motion

for injunctive relief; motions for settlement between the Trustee and numerous parties,

including the Debtor, Debtor's entities and family, the Trustee and Debtor entered into

---

[4] §§ 1102 and 1103 are not applicable as this is a chapter 7 bankruptcy case, not a chapter 11 case.

[5] § 328(a).

[6] § 327(a).

the *"Settlement Agreement and Mutual Release"* ("Debtor's Settlement").[7]  The court

entered the *Order Approving Settlement Agreement Between the Trustee and the Debtor*

on June 20, 2013.

In consideration for the Trustee agreeing to stop pursuing numerous assets, Debtor

agreed to waive his standing to object in the Debtor's Bankruptcy Case, with one notable

exception.  The applicable language in Debtor's Settlement, states,

> "From and after the date of this Order, Debtor shall not have any
> standing in Debtor's Bankruptcy case, and shall not take any action,
> directly or indirectly, to obtain standing in Debtor's Bankruptcy case.
> Effective as of the date of this Order, Debtor shall not have any standing to
> object, join, or otherwise be heard on any matter or proceeding in any
> pending or future matter in connection with administering Debtor's
> Bankruptcy Case; this shall include, but not be limited to, approval of
> settlements, sale of assets, allowance or payment of administrative
> expenses, and allowance or payment of claims.  Henceforth, Debtor shall
> not have standing or any right to pursue pre-petition claims or causes of
> action against any third-party or against any creditor in Debtor's
> Bankruptcy Case.  The sole and exclusive exception to this waiver of
> standing is that it shall not affect the Debtor's standing to object to the
> claim filed by William G. Schwab, Chapter 7 Trustee of St. Catherine
> Hospital of PA, LLC (Claim No . 11-1; Claim No. 11-2, amended claim)."

Generally, in a chapter 7 bankruptcy case, the trustee is charged with

administering the case and those duties include objecting to claims.  A chapter 7 debtor

---

[7] The litigation included, but is not limited to: *Barney v. Robert M. Lane, The Riverbend Ranch Trust I,
Matthew W. Lane, Boulder Investment Trust, Colleen Lane, Windriver Corp of WY, LLC, Patricia E. Lane*
(Adversary Case No. 12-2013; Recovery of money/property, Turnover of property and Fraudulent Transfers);
*Barney v. Robert M. Lane* (Adversary Case. No. 12-2035, Complaint for revocation of discharge); *Barney v.
Penobscot Enterprises, Inc., Penobscot Enterprises, Inc., Defined Benefit Pension Plan, a/k/a Penobscot Enterprises
Defined Benefit Trust; DFWU, LLC, Patricia A. Lane and Patricia E. Lane* (Adversary Case. No. 12-2055;
Recovery of money/property; turnover of property; fraudulent transfers). Objection to Debtor's exemptions;
Objection to Debtor's Amended Exemption; Motion for Preliminary Injunction in the Adversary Case 12-2055; and,
Settlement Agreements in all adversary cases.

generally is not considered to be a party in interest for the purpose of objecting to a proof

of claim because the debtor lacks a pecuniary interest in the property of the estate.  An

exception to this is if it is demonstrated that there will be a surplus to distribute to the

debtor after the trustee distributes all garnered funds to unsecured creditors.[8]  In this case,

the Debtor voluntarily waived his standing to object to all claims, with one specific

exception, which does not include professional fees.  In return for that waiver, Debtor

received consideration of personal property that may have been included in the

bankruptcy estate.  The Trustee testified that he agreed to allow Debtor to exclude certain

personal property and retirement funds from the bankruptcy estate property, to halt the

endless litigation with the Debtor and allow the Trustee to efficiently and economically

administer this very complicated case.  The court finds that the Debtor waived his

standing to object to the Application based upon his agreement in the Debtor's

Settlement.

(2)    § 328 analysis

L&V argues that the court may only alter fees that are improvident in light of

developments that were not able to be anticipated at the time that L&V was retained.  Mr.

Smiley and the Trustee, each testified that upon the initial review and preliminary

investigation of the case, they anticipated that the recovery of the estate's assets would be

difficult.  In the Trustee's words, the case was "a can of worms."

The Trustee testified that he was assigned to administer a complex case but did

---

[8] *In re Larkin*, 468 B.R. 431 (S.D. Flor. 2012.)

not have any funds to retain counsel on an hourly basis; that L&V was retained because of its expertise in complex bankruptcy cases and experience in the recovery of assets; that he and L&V anticipated that the case would be highly contentious and involve numerous entities and parties; and that it was anticipated that the recovery efforts could result in assets between 30-40 million dollars. Both Smiley and the Trustee testified that the case has been and continues to live up to those expectations. The Trustee continues to pursue and liquidate bankruptcy estate assets including, but not limited to: artwork; gold and silver; sale of real property in Wilson, Wyoming and Santa Barbara, California; the sale of a hospital and the real property that the hospital is located upon, and Debtor's minority shares in Chatham Capital Corporation. The court cannot find that any unforeseen developments have arisen that the Trustee and L&V did not expect.

The court finds that the Debtor voluntarily exchanged his right to object to the administrative claim of this Application upon agreeing to and accepting the terms of the Debtor's Settlement. One aspect of this case that is more difficult than first expected is Debtor's interference with the administration of the case, threats and allegations against the Trustee, L&V and others. However, these are not matters that the court will consider to reduce L&V's fees, as these are matters that are Debtor-induced. The court does not find that unforeseeable developments occurred that the Trustee and L&V did not anticipate.

As Debtor is a pro se litigant, the court will address the particular objections presented to the court. However, this does not waive the terms and conditions of the

Page 8

<u>Debtor's Settlement and open the door for further or future objections by the Debtor that
are counter to the terms of the Debtor's Settlement.</u>

<u>Debtor's objections</u>

(1)    <u>The fees are unreasonable.</u>

The court analyzed § 328 above.  The terms and conditions of the contingent
agreement were provided for upon Trustee's retention of L&V and as there have not
been unforeseen developments, the agreement controls.

(2)    <u>The fees exceed the amounts permitted under Wyoming Rules.</u>

Debtor asserts that L&V violated the contingent Rules Governing Contingent Fees
for Members of the Wyoming State Bar.  Rule 5 states, as applicable,

"For those amounts of a recovery in excess of one million dollars ($1,000,000) a
contingent fee of thirty (30) percent of such excess sum over one million dollars
($1,000,000) shall be presumed reasonable and not excessive.[9]  The provisions of this
rule are not intended to abridge the freedom of the attorneys and clients to contract for
different percentages.[10]  The court will review the factors that the Committee on
Resolution of Fee Disputes of the Wyoming State Bar considers: "

> (1) the amount of costs incurred or advanced by the attorney in representing
> the client; (2) the time and labor required; (3) the novelty and difficulty of
> the questions involved; (4) the skill requisite to perform the legal service
> properly; (5) the likelihood, if apparent to the client, that the acceptance of
> the particular employment will preclude other employment by the attorney;

---

[9] Rules Governing Contingent Fees for Members of the Wyoming State Bar Rule 5(b).

[10] *Supra* at Rule 5(c).

(6) the fee customarily charged in the locality for similar legal services; (7) the amount involved in the controversy and the benefits resulting to the client; (8) the time limitations imposed by the client or by the circumstances; (9) the nature and the length of the professional relationship with the client; (10) the experience, reputation and ability of the attorney or attorneys performing the service; and, (11) the contingency or the certainty of the compensation."[11]

This Bankruptcy Court considers these factors and finds  (1) L&V is financing the  Trustee's efforts to recover assets on behalf of the Debtor's bankruptcy estate;  (2) L&V has expended over 3,000 hours in its efforts representing the Trustee;  (3) the case is factually difficult and legally complex;  (4) the skills and experience necessary to investigate, litigate and negotiate for the recovery of the bankruptcy assets are unusually difficult in this case as it involves multiple parties, several bankruptcy cases and numerous legal issues;  (5) Mr. Smiley and his staff spent considerable time on this case which did not allow them to pursue other cases;  (6) Mr. Smiley testified that the negotiated contingent fee is similar to the amount charged for difficult bankruptcy and reorganization cases, and tort cases in the Denver, Colorado area;  (7) the Trustee testified that his initial review reflected this to be a no asset case.  L&V provided services, to the date of the Application, resulting in over $17 million dollars of assets for the estate;  (8) there are no time limitations imposed by the trustee, but the Bankruptcy Code requires a case to be efficiently administered;  (9) the Trustee learned of L&V, and in particular Smiley's expertise in difficult bankruptcy cases and asset recovery, after receiving the letter from the Debtor's ex-spouse's attorney detailing alleged hidden

---

[11] *Supra* at Rule 5(f).

assets and a subsequent search for qualified counsel; (10) L&V have substantial

expertise in the field of difficult bankruptcies and asset recovery; and, (11) L&V

accepted the case realizing that it may not receive any payment for its professional

services if assets were not recovered for the bankruptcy estate.

This court finds that L&V did not violate the contingent fee requirements of the

Wyoming Court Rules. The Trustee and L&V negotiated and contracted for a different

percentage than the presumptive amount. Additionally, upon a review of the factors,

L&V rebutted any presumption that the 37.5% contingent fee was unreasonable under

the standards established by the Wyoming Court Rules.

(3)   A paralegal at L&V is providing accounting services without authority of the
       court.

Mr. Smiley testified that the accounting services are for the purpose of tracking

the value of the recovered assets. It appears to the court, that the Trustee retained a

certified public accountant for the formal accounting services. This objection is

overruled.

(4)   The requested expense reimbursements do not comply with the Internal Revenue
       Code.

This court's review of the Bankruptcy Code, Federal Rules of Bankruptcy

Procedure and Wyoming Local Bankruptcy Rules requires an applicant to submit a

detail description for reimbursement of expenses. Debtor objected to specific expense

requests and the amounts for several motel and airfare costs. The court reviewed the

expense details and determined the purpose of the expenses questioned as it is stated on

the expense detail. The court finds that the motel and airfare costs were reasonable under the circumstances. The court independently reviewed the entire expense detail finding that the expenses were reasonable and customary.

(5)    L&V lists services provided prior to the date of retention.

Smiley testified that the time incurred prior to retention was for investigation of the bankruptcy case and provided L&V the basis to determine whether it would accept the case. The court finds that the time L&V spend prior to retention does not affect the terms of the contingency agreement and overrules the objection.

(6)    L&V engaged in activities to increase fees.

The court reviewed the record of the hearing and finds the Debtor's allegation is not credible. In fact, L&V (and the Trustee) have responded to numerous demands by the Debtor that have interfered with the Trustee's administration of this case.

(7)    L&V (and the Trustee) have not performed their duties and are grossly negligent.

Debtor asserts:

- That the Trustee and L&V lost 50 coins during the time that an inventory was taken and the coins were sold in Jackson. The court finds that all coins were accounted for by the Trustee's and the purchaser's testimony.

- That the Trustee's reduction of the sale price of the property in Wilson, Wyoming reflects "another example of the Trustee not doing his job." The Trustee testified, that he is relying upon the expertise of the real estate broker retained to sell the property. The value that Debtor asserts has not been able to be realized. The Trustee has had one offer on the real property, for substantially less that the Trustee currently has the property listed. The Trustee did not accept that offer and the property continues to be marketed.
- That the Trustee's action of removing the Debtor as the manager of Saint Catherine Hospital of Indiana, LLC, or Saint Catherine Healthcare, LLC

> resulted in the termination of the Debtor's medical insurance. Debtor
> requests that the court order the Trustee to reinstate Debtor's medical
> insurance.

- That he does not agree with the settlement that the Trustee entered into
  with Gallo Tan. Debtor asserts that the claims should have been
  indemnified.

- That he does not approve of the settlement agreement reached with
  William G. Schwab, Chapter 7 Trustee of the Estate of Saint Catherine
  Hospital of Pennsylvania, LLC. Debtor's directors' and officers'
  insurance company has retained counsel to represent Debtor in filing an
  objection to this claim.

- That upon the Trustee being served a writ of garnishment from the
  Wyoming state court, he should have investigated the matter before
  allowing the Debtor's personal property to be seized. Also due to the state
  court seizure action, Debtor has not received the artwork that he purchased
  from the estate.

- That L&V and the Trustee should pursue the Chatham Capital
  Corporation shares before pursuing the sale of the real property in
  California and Wyoming.

- That the Trustee, by and through L&V, sold securities without the court's
  approval.

- That the settlement agreements between the FAMILY and Debtor's
  Settlement do not provide for payment of the contingent fee of 37.5
  percent.

The court finds that the Debtor's objections and complaints are not credible. The

court's review of the Trustee's action to recover the estate's assets, through the services

provided by L&V, are nothing short of phenomenal when considering that the Debtor's

petition and schedules failed to disclose the assets recovered and the potential assets still

to be recovered.

The court reviewed the Trustee's actions in selling the securities and finds that

Page 13

the Trustee complied with the requirements of the Bankruptcy Code and Rules in

noticing the intent to sell this asset.

The court's review of the docket reflects that L&V was retained specifically to

perform the professional services provided to the Trustee in the litigation and

subsequent settlement of the adversary that resulted in the Family Settlement. The

Debtor's Settlement references "Fees for the Trustee and his Counsel," stating, as

relevant:

> "Lindquist & Vennum, L.L.P.'s fees recoverable pursuant to the
> Representation Agreement approved by the Court under 11 U.S.C. § 328(a)
> on September 26, 2011 (*see* Dkt. 43) shall be capped at $8,000,000.00,
> exclusive of expenses."

Debtor was aware of the contingency fee at the time the Debtor's Settlement was

negotiated and approved by the court. His argument that he was not notified is without

merit.

The Debtor voiced his disagreement with actions and that the Trustee has

completed on behalf of the estate. However, the Debtor waived his right to object, with

the one exception noted above. Additionally, the Trustee, using his best business

judgment, has resolved numerous legal matters that arose during the pendency of this

chapter 7 bankruptcy case, properly noticed out the compromises, and obtained court

approval.

The court notes that Congress created the United States Trustee's office, and with

that the appointment of panel trustees, to administer individual bankruptcy cases. The

trustee's duties include reducing assets to cash and distributing the proceeds to creditors.

Page 14

The trustee is tasked with the responsibility of performing these fiduciary duties in an

"equitable and expeditious manner, while allowing the trustee to exercise appropriate

business and professional judgment in performing the trustee's fiduciary duties."[12]  This

court will not micro-manage the Trustee in performing his statutory duties.  Throughout

this case, the court has observed the Debtor, who has received the benefit of the

bankruptcy system, continuing to attempt to control the administration of this case and its

assets.  The court will not allow nor condone Debtor's obstructive behavior.

(8)    L&V's fees should be limited to thirty percent (30%) of the allowed claims.

        The Fee Agreement reflects that the Trustee and L&V negotiated and agreed to

the contingent fee in the amount of 37.5 percent of the gross amount of assets recovered.

The court finds no legal or factual basis to consider Debtor's proposed rates.

**Conclusion**

        In conclusion, the court approves the *First Interim Application of Lindquist &*

*Vennum LLP for Allowance of Compensation and Reimbursement of Expenses*, finding

that the Debtor waived his right of standing to object; and that no unforeseeable

developments occurred that require the court to alter the contingent agreement.  Debtor's

objections are overruled.  The court specifically does not waive the terms of Debtor's

Settlement regarding his standing to object by addressing these allegations.

---

[12] *Handbook for Chapter 7 Trustees,* Pg. 1-1, ¶ A. (March 1, 2001).

This opinion constitutes the Court's findings of fact and conclusions of law. A

separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this _32_ day of January, 2014.

By the Court
_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    John Smiley
    Gary Barney
    Robert Lane