**Robert M. Lane, Pro Se**
970 W. Broadway #490
Jackson, WY 83001
Phone: (307)-763-7328
E-Mail: robertmlane@ymail.com

FILED IN THE
US BANKRUPTCY COURT
DISTRICT OF WYOMING

2014 MAR 17 PM 2:49

TIM J. ELLIS, CLERK
BY_____
DEPUTY CLERK

## FEDERAL BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

**ROBERT M. LANE**

Case No. 11-20398
Chapter 7

### DEBTOR'S MOTION FOR SANCTIONS AGAINST TRUSTEE GARY BARNEY FOR MAKING A FALSE STATEMENT TO THE COURT

**A. Background**

1. On April 19, 2011, Robert M. Lane filed a voluntary petition for Chapter 7 bankruptcy in the District Of Wyoming,

2. Gary Barney was appointed Trustee for this Chapter 7 case.

3. On January 2, 2013, Debtor requested sanctions of Trustee for making false statements in his filings (Docket#164). The Court scheduled a hearing on Debtor's request for sanctions for January 29, 2013 (Docket#171). Prior to the hearing date, on January 24, 2013, however, the Court issued an order denying vacating the hearing and denying the request for sanctions (Docket#178).

4. On February 26, 2013, Trustee Barney filed a proposed settlement with the Court (Docket#199).

1

5. On March 11, 2013, Robert Lane filed **DEBTOR'S MOTION TO STRIKE SETTLEMENT AGREEMENT AS IT INCORPORATES CONFIDENTIAL SETTLEMENT COMMUNICATION FROM OCTOBER, 2012 PREPARED BY DEBTOR AND HIS ATTORNEY IN VIOLATION OF FEDERAL RULE OF EVIDENCE 408** (Docket#226).

6. On March 18, 2013, Trustee Barney filed an Opposition (Docket#250). Debtor prepared a Rule 11 sanction request (EXHIBIT A) against Trustee Barney as Debtor believed Trustee made numerous false statements in his filings designed to harass Debtor and prejudice the Court against him. His attempts to demonize the Debtor are most unfortunate and very disappointing. Debtor withdrew his Rule 11 sanctions request after the settlement.

7. Trustee Barney falsely claims in his March 18, 2013 Opposition the following in Paragraph 3, "Debtor is quite obviously distressed about the proposed Settlement Agreement because its approval will put an end to his elaborate long standing fraud." Debtor denies he is" quite obviously distressed about the proposed settlement agreement because its approval will put an end to his elaborate long standing fraud." See EXHIBIT A Debtor's declaration. There is no long standing fraud.

8. Now Trustee Barney on February 11, 2014 files Trustee's Motion for Turnover of California Assets (Docket#587) in which he seeks to have Debtor's ex-wife and the Santa Barbara County Sheriff turnover Lane Bankruptcy Estate assets which she wrongly had seized.

9. Robert filed his response on February 24, 2014 (Docket#601). In paragraph 9, he states:

> Not content to the matter at hand, Trustee further attempts to demonize the Debtor by alleging, again without any evidence in Footnote #3:
>
> "Based on the Trustee's investigation, an additional piece of artwork – a significant piece by Camille Pissarro – may have been auctioned by the Debtor post-petition, which is consistent with his pattern and practice in this case. The Trustee has served subpoenas pursuant to orders authorizing Rule 2004examinations of the auction houses and will seek additional relief as appropriate by separate motion."
>
> The piece in question, contrary to Trustee's representation is a minor piece without significant value. Debtor has not sold it and could not even do so if he desired as the piece is owned by Windriver Corp. of WY, LLC. Trustee, in an effort to further harm Debtor falsely claims in the footnote above that auctioning pieces of art post-petition has been Debtor's "practice and pattern in this case." Again, this allegation is made without any supporting evidence. Debtor requests Rule 11 sanctions for Trustee's ongoing false and unsubstantiated statements about him.

10. Robert advised Trustee Barney via e-mail on February 27, 2014 that he intended to bring a Request for Rule 11 Sanctions against Trustee Barney for claiming that

> "Based on the Trustee's investigation, an additional piece of artwork – a significant piece by Camille Pissarro – may have been auctioned by the Debtor post-petition, which is consistent with his pattern and practice in this case. The Trustee has served subpoenas pursuant to orders authorizing Rule 2004examinations of the auction houses and will seek additional relief as appropriate by separate motion."

Robert encouraged Trustee Barney to withdraw the false statement within the next fifteen days. There is no evidence to support the above Trustee claim that Debtor auctioned a piece of art by Camille Pissarro owned by third party Windriver Corp. of WY, LLC or that auctioning pieces of art by Debtor post-

petition is his "pattern and practice in this case." Debtor admits that he did assist the Manager of Windriver Corp of WY, LLC sell a piece of art post-petition under a contractual obligation and fully consistent with bankruptcy law. Debtor however, did not sell the piece, Windriver Corp. of WY, LLC did. Debtor also request sanctions for Trustee's unsubstantiated and false statement that it has been Debtor's "pattern and practice" to auction pieces of art post-petition. He further specifically denies auctioning a piece of art by Camille Pissarro.

Clearly Trustee's statement that it has been Debtor's practice and pattern post petition to auction pieces of art is a false statement, unsubstantiated by any evidence. Debtor denies that it is his "practice and pattern post petition to auction pieces of art" post-petition as Trustee alleges. Consequently, Trustee's statement is false and it is a sanctionable offense.

Trustee Barney never responded to Debtor's request to remove the false statements from his filing. Consequently, Debtor after 15 days filed this Request for Sanctions.

### B. Argument and Legal Authority

11. The Supreme Court has recognized the inherent power of a federal court to sanction conduct which is abusive of the judicial process. (Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Under Rule 9011(b) (2), an attorney has an affirmative duty to conduct a reasonable inquiry to assure that the statements being made are meritorious and worthy of pursuit because "violations of Rule 9011 are determined by applying the

objective standard of reasonableness under the circumstances." *In re Glaser,* 49 B.R. 1015, 1 021 (S.D.N.Y. 1985) (citing *Eastway Construction Corp.V. City of New York,* 762 F.2d 243, 253-254 (2d Cir. 1985)). The court must ask whether another attorney after reasonable inquiry, would have refused to file the opposition with false statements at issue in this proceeding, because it was either "frivolous" or "destined to fail."

12. Fed R. Banker Rule 9011 and Rule 11 permit sanctions against parties who use Motions for an improper purpose and who make false claims not supported by any evidence. This qualifies for sanctions under 9011 (b) (1) and (3). Trustee and his counsel have made a statement that they know is false by stating that it has been Debtor's practice and pattern in auctioning pieces of art post-petition. Debtor declares their statement to be false and there is no supporting evidence that Debtor has sold multiple pieces of art at auction, post-petition, let alone the alleged Camille Pissarro.

C. <u>**Conclusion**</u>

Wherefore, Debtor requests sanctions in an amount the Court deems appropriate to cover Debtor's time, expenses, and legal fees in responding to the false statements by Trustee Gary Barney and his attorney which Debtor believes have been done solely to harass and prejudice Debtor in front of the Court. Debtor prays that this Court will not tolerate the ongoing efforts to demonize debt with false statements and unsubstantiated claims. Debtor anticipates that as a result of this motion that Trustee will undertake further efforts to harass him.

Dated March 14, 2014.

_____
Robert M. Lane

# FEDERAL BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

**ROBERT M. LANE**

Case No. 11-20398
Chapter 7

## COURT ORDER FOR SANCTIONS AGAINST TRUSTEE GARY BARNEY FOR MAKING A FALSE STATEMENT TO THE COURT

This Matter having come before the Court as **DEBTOR'S MOTION FOR SANCTIONS AGAINST TRUSTEE GARY BARNEY FOR MAKING A FALSE STATEMENT TO THE COURT**

The Court having reviewed the file and having reviewed the Motion, hereby

ORDERS that sanction in the amount of _____ against Trustee Gary Barney and his attorney for using their pleadings for an improper purpose and making a false statement. Said amount is awarded to Robert M. Lane and shall be payable within ten days.

Ordered this ___ day of April, 2014.

> Honorable Peter J. McNiff
>
> Federal Bankruptcy Judge