FILED

2:48 pm, 12/23/14

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| ROBERT M. LANE ) | Case No. 11-20398 |
| ) | Chapter 7 |
| Debtor. ) | |

## OPINION ON TRUSTEE'S MOTION FOR CONTEMPT SANCTIONS AGAINST ROBERT M. LANE

On November 4, 2014, the Trustee's Motion for Contempt Sanctions Against Robert M. Lane and Robert Lane's ("Debtor") objection came before the court for an evidentiary hearing. Gary Barney, ("Trustee") was represented by John Smiley of Lindquist & Vennum, L.L.P and Debtor appeared, pro se. At the conclusion of the hearing, the court took the matter under advisement. Having reviewed the record, testimony and other evidence and applicable law, the court is prepared to rule.

Trustee requests that the Court impose monetary sanctions in the amount of $12,000.00 against Debtor for the multiple motions that Debtor has filed contrary to the Debtor Settlement Agreement and this court's orders. Trustee also requests that the court order "additional fees as a civil contempt sanction for each and every pleading that the Debtor files without standing in this case going forward" and restrict Debtor's ability to file pleadings pro se without leave of the court.

Debtor argues that the Debtor Settlement Agreement provides that Debtor has standing to enforce the settlement agreement, justifying his actions. Debtor alleges that his actions have been to help with the administration of the estate and his intentions are

pure. Alternately, if the court finds that Debtor is in contempt, it must consider his financial condition upon making any award. Debtor asserts, as the person with the best knowledge of his financial condition, he lacks the ability to pay any monetary penalty and any requirement to post a bond to file future pleadings denies him the right to due process and his right to legal access.

**Findings of Fact**

As stated many times previously, Debtor filed his bankruptcy petition and schedules on April 19, 2011. Trustee retained Lindquist & Vennum to represent him for the purpose of investigating and litigating numerous contested matters and adversary proceedings involving Debtor and related entities identified as Boulder Investment Trust and Colleen Lane as its trustee and in her individual capacity; Riverbend Ranch Trust I and Matthew W. Lane as its trustee and in his individual capacity; Windriver Corp. of WY, LLC and Patricia E. Lane as its manager and in her individual capacity; Penobscot Enterprises, Inc.; Penobscot Enterprises, Inc. Defined Benefit Pension Plan a/k/a/ Penobscot Enterprises Defined Benefit Trust and Timothy Lane as its purported trustee and in his individual capacity; DFWU, LLC, Tipperary, LLC and Patricia A. Lane. Two years after Debtor's bankruptcy case was filed, the above-listed related entities entered into the settlement agreement known as the Family Settlement Agreement.[1] The filing of the Family Settlement Agreement initiated a flurry of filings by creditors and the Debtor.

---

[1] Motion for Approval of Settlement Agreement, Dkt. No. 199.

Debtor opposed the approval of the Family Settlement Agreement. Trustee and the various creditors negotiated settlement agreements resolving opposition to the Family Settlement Agreement. Debtor opposed these settlement agreements. On April 4, 2013, the court held hearings, which during the course of the day, the parties began discussions of a "global settlement." Thereafter, on April 19, 2013, the Motion to Approve Compromise under Rule 9019 Between the Trustee and the Debtor, commonly known as the Debtor Settlement Agreement was filed. The court approved the Debtor Settlement Agreement and the Family Settlement Agreement on June 20, 2013. As the Trustee has repeatedly stated and testified at hearings, the Debtor Settlement Agreement was intended to resolve the disputes between the Debtor and his bankruptcy estate, allowing Debtor to retain assets or receive them as consideration for ceasing future litigation and allow the Trustee to efficiently administer the case, garner the estate assets, reduce the assets to cash and pay creditors.

**Discussion**

A bankruptcy court has the power to hold a party in civil contempt and award sanction under § 105(a). The goal of a civil contempt proceeding is to coerce the contemnor into complying with the court's order and to remedy the contemnor's noncompliance. To establish contempt, the movant must show: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct

violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) that the movant suffered harm as a result.

In this case, the Trustee established the elements of contempt. Debtor agreed to the terms of the Debtor Settlement Agreement and has been present at hearings when the terms of the agreement were discussed. The terms of the Debtor Settlement Agreement reflect that Debtor waived his standing in certain matters in the Trustee's favor. Debtor violated the terms of the order approving the Debtor Settlement Agreement numerous times which the court has stated in several orders and/or opinions. The Trustee has incurred harm as a result of Debtor's violation of the order, as Trustee and his counsel have had to address Debtor's numerous pleadings rather than pursue assets of the estate and incurring unnecessary expenses to the bankruptcy estate.

The court finds Debtor violated the order approving the Debtor Settlement Agreement by filing (1) Status Report on Proposed Settlement Agreement Between Trustee Gary Barney and Dr. Galo Tan and Request to Reject Settlement (Dkt. #391); (2) Opposition to Proposed Sale of Coins (Dkt. # 409); (3) Debtor's Objection to Trustee's Counsel's Excessive Fee Request (Dkt. # 479]; (4) Debtor's Opposition to Proposed Sale of Art (Dkt. No. 589]; (5) Debtor's Opposition to Trustee's Motion to Strike Debtor's Opposition to Proposed Sale of Art [Dkt. # 655]; and, (6) Debtor's Response to Trustee's Motion for Turnover of California Assets [Dkt # 601]. In conclusion, this court finds Debtor in contempt.

**Sanctions**

Trustee requests monetary sanctions to reimburse the bankruptcy estate for the costs of addressing the numerous pleadings which this court has found violates this court's order approving the Debtor Settlement Agreement. The testimony presented shows that the bankruptcy estate incurred more fees than requested. Trustee requests a monetary judgment in the amount of $12,000.00. The court's review of the record, reflects that this amount is reasonable and shall order Debtor to reimburse the bankruptcy estate in the amount of $12,000.00.

Debtor argues that even if he is found to be in contempt, the court cannot assess monetary sanctions against him, as he does not have the financial ability to pay. Debtor testified that he has no income, is unable to find work and is living in a motel. Taking Debtor's financial condition into consideration, the court orders that the Trustee shall not proceed to collect on this amount, but deduct it from any surplus distribution to the Debtor at the conclusion of the administration of this estate; may collect it from any further undisclosed assets that are recovered; or, if no surplus funds are available, not proceed to collect from the Debtor, until the Trustee has recovered all assets on behalf of the bankruptcy estate.

Trustee requests the court establish a procedure to restrict Debtor's ability to file pleadings pro se without leave of the court.

Debtor is a frequent litigant, in this court, in the appeals court, Wyoming state courts and California State court. This litigation arises from the California court's

determinations regarding Debtor's divorce, child support and related matters and the Debtor's bankruptcy case. Trustee disclosed to the court the numerous pleadings in his responses to Debtor's pleadings. Debtor argues that he is not attempting to be objectionable or obstructive, but to "help" the Trustee in the administration of the bankruptcy estate. The court finds the Debtor's testimony to be incredulous. Debtor's actions are not "helpful" but instead are Debtor's continuing actions to control the administration and outcome of this bankruptcy estate.

The United States Bankruptcy Court for the District of Utah addressed a similar debtor, establishing filing restrictions on all future pleadings, which were upheld by the Tenth Circuit Bankruptcy Appellate Panel.[2] This court adopts and modifies those filing restrictions with regard to future pleadings filed by Debtor.

Debtor shall be required to include a statement under penalty of perjury in all future pleadings containing the following information:

(a) the legal basis for the pleading;

(b) the specific factual basis for the pleading, excluding the benign generalities of past pleadings;

(c) a statement that the legal or factual arguments raised by the pleading are not frivolous or made in bad faith; that to the best of debtor's knowledge, they are warranted by existing case law; that the intent of the pleading is not improper and not intended to delay or cause a needless increase in costs or violate any order of this court, specifically the Debtor Settlement Agreement;

The court shall review all future pleadings, and any noncompliance of the above

---

[2] *In re Armstrong*, 309 B.R. 799 (10th Cir. BAP, 2004).

requirements by the Debtor shall result in the pleading being immediately denied or dismissed.

In conclusion, this court finds that Debtor to be in contempt of its orders and shall order the monetary and filing restrictions as stated above.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 23 day of December, 2014.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    John Smiley
    Robert Lane