FILED
3:13 pm, 1/6/15
Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

In re                              )
                                   )
    ROBERT M. LANE                 )   Case No. 11-20398
                                   )        Chapter 7
                                   )
            Debtor.                )

## OPINION ON TRUSTEE'S SECOND MOTION FOR CONTEMPT SANCTIONS AGAINST ROBERT M. LANE

This matter came before the court for hearing on November 5, 2014 regarding the Trustee's *Second Motion for Contempt Sanctions Against Robert M. Lane.* At the conclusion of the hearing, the court took the matter under advisement. Having reviewed the record, testimony and evidence the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(A).

**Facts**

On April 19, 2011, Debtor filed his chapter 7 voluntary petition and schedules. Gary Barney ("Trustee) was appointed to administer the case.

After considerable litigation, the Court approved settlement agreements between Debtor's family and related entities and the Debtor to resolve the ongoing litigation.[1]

---

[1] Order Approving Settlement Agreement (Boulder Investment Trust, *et al.*) ("Family Settlement Agreement") Dkt. No. 333 and Order Approving Settlement Agreement Between The Trustee and The Debtor ("Debtor Settlement Agreement") Dkt. No. 332.

1

Among the terms of the Debtor Settlement Agreement, Debtor agreed that he would not have any standing to,

> "object, join, or otherwise be heard on any matter or proceeding in any pending or future matter in connection with administering debtor's Bankruptcy Case; this shall include, but not be limited to, approval of settlements, *sale of assets*,[2] allowance or payment of administrative expenses, and allowance or payment of claims."

Among the bankruptcy estate assets were numerous pieces of art. Trustee retained, with the court's approval, Heather James Fine Art ("Heather James") to sell the artwork. After Heather James was authorized to sell the art and the court approved the sale, Debtor sent an e-mail to Jim Carona, with a copy to Bart Monson, manager and sales person for Heather James. The email stated, in relevant part,

> "If you cho[o]se to sell any of this art between now and the Court's ruling (for which a date has not yet been determined), you may be required to purchase it back for sale to me at the specified prices in EXHIBIT B.
>
> Although I am not an attorney, I would suggest that you consult your own independent legal counsel (and not Mr. Barney the Bankruptcy Trustee or his legal counsel Jay Smiley or Michael Gilbert) about the advisability of selling this art prior to the Court's ruling.
>
> I bring this to your attention since Mr. Smiley indicated that he intended to move forward with selling the art in question. I do not think this would be advisable."[3]

Mr. Monson testified that as a consequence of the e-mail, Heather James was concerned about the legal ramifications if it continued efforts to sell the artwork. After consultations with the Trustee that the court approved the sale of the artwork, Heather

---

[2] Emphasis added.
[3] Exhibit B.

2

James continued its marketing efforts.

Subsequently, the Debtor sent a second e-mail to Heather James at the conclusion of legal proceedings in the Wyoming Ninth Judicial District Court, suggesting additional issues regarding legal title to the artwork. The Debtor stated,

> "The Court for the District of Jackson, Wyoming has ordered the sale of certain art. The order does not permit the sale free and clear of liens. This is not an action of the Bankruptcy Court…
>
> The pieces in question are subject to numerous liens against Robert M. Lane which are a matter of public record in Wyoming. We recommend that you check the Wyoming Secretary of State's records to confirm the legally binding liens filed on this art.
>
> Although I am not [an] attorney, I would suggest that you consult your own independent legal counsel (and not Mr. Barney the bankruptcy Trustee or his legal counsel Jay smiley or Michael Gilbert) about the advisability of selling this art prior to the exhaustion of appeals and other court remedies and with respecting the rights of lienholders. I am certain that you do not wish to create unnecessary liability for your firm or yourself personally.
>
> I bring this to your attention since if your firm intends to move forward selling the art in question in violation of lienholder's right. I do not think this would be advisable."

The real property located in Santa Barbara, California is an asset of the bankruptcy estate by the terms of the Family Settlement Agreement and the Debtor Settlement Agreement. The Debtor Settlement Agreement provided that Debtor could reside at the property pending the sale, upon conditions of cooperation. The Trustee agreed to list the property and show it to potential buyers after May 5, 2014, allowing Debtor unlimited possession of the property from the time the settlement agreements were approved (June 20, 2013) until May 5, 2014. Additionally, the Trustee, using estate funds, paid the expenses of maintaining and preserving the property during Debtor's continued use and

residency, such as: insurance, snow removal, utilities and other expenses. On June 10, 2014, Trustee filed *Motion to Sell Santa Barbara, California Real Property Free and Clear*. No objections to the Trustee's motion were filed. The *Order Granting Trustee's Motion to Sell Santa Barbara, California Real Property Free and Clear* was entered on July 9, 2014. Debtor appealed this order to the Tenth Circuit Bankruptcy Appellate Panel ("BAP"). On October 22, 2014, the BAP dismissed the appeal, staying entry of the mandated for 21 days. The mandate was entered on November 19, 2014.[4]

The court's review of the record reflects that Debtor (1) did not object to Trustee's motion to sell the Santa Barbara property; (2) did not file a motion to stay the sale of the Santa Barbara property pending appeal; or, (3) provide a supersedes bond pending the appeal to the BAP. On October 20, 2014, Debtor through counsel in California, filed a *Notice of Pendency of Action* in the California real estate records. Debtor testified that the *lis pendens* was to stop the sale of the Santa Barbara property during his pending appeal.

**Discussion**

Trustee filed this *Second Motion for Contempt Sanctions Against Robert M. Lane*, ("Second Contempt Motion") asserting that Debtor failed to comply with the Debtor Settlement Agreement and the Court's orders approving the sale of the artwork and the Santa Barbara real property, respectively. Debtor failed to object or respond to the Second Contempt Motion, but the Court allowed the Debtor to proceed at the hearing.

The Trustee asks for (1) a monetary award; (2) that filing restrictions be placed on

---

[4] On November 20, 2014, Debtor filed a Motion to Correct clerical Error and vacate the dismissal of the appeal.

Debtor to prevent future frivolous litigation regarding the administration of the estate; and, (3) an order voiding the *lis pendens* action to allow the sale of the bankruptcy asset to proceed.

Violation of the Debtor Settlement Agreement

Debtor contends that his e-mails regarding the sale of the artwork were not to threaten or intimidate Heather James from proceeding with the sale of the artwork. He was "just advising" Heather James of what he considered was his rights to the artwork and of the Wyoming District Court's actions.

The court is aware of the circumstances regarding Debtor's option to purchase additional artwork. On April 10, 2014, the court held a telephone hearing on the *Trustee's Amended Motion to Sell Artwork Free and Clear*. Debtor objected, arguing that he had not been provided the opportunity to purchase additional artwork from the estate as set out in the settlement agreements. Trustee disagreed, stating that the Debtor had not complied with the procedures established for Debtor to purchase the artwork. Rather than continue to waste estate resources, Trustee proposed that the Debtor be given a second opportunity to purchase the additional artwork. The court entered the *Order of Trustee's Amended Motion to Sell Artwork Free and Clear* on April 11, 2014, establishing procedures to give Debtor a second opportunity to purchase the art. Debtor failed to comply with the procedures and deadlines established by the court to purchase additional art by private sale with the Trustee. The order specifically authorized the Trustee to sell the artwork if the Debtor did not comply with the established deadlines. The Trustee had the court's approval to sell the artwork.

The court finds that Debtor interfered with the sale of the estate assets by sending the e-mail to Heather James which had a chilling effect on the sale of the bankruptcy estate assets. Debtor's second e-mail to Heather James reflects a pattern of intimidation.

<u>Violation of the Santa Barbara sale order</u>

As stated previously, the Trustee filed a motion to sell the Santa Barbara real property that was an asset of the bankruptcy estate, after the agreed date for selling the property between Debtor and Trustee in the Debtor's Settlement Agreement. Debtor had lived at the property for over one year at the bankruptcy estate's expense. Debtor did not respond or object to Trustee's request to sell the property; therefore, the court entered the order approving the sale. Debtor appealed the order to the BAP. Debtor did not file a motion for stay pending appeal nor propose to post a supersedes bond. However, he retained counsel to file the Notice of Pendency of Action in the California real estate records. This effectively halted the Trustee's attempts to close on the sale of the property in violation of the automatic stay under Section 362.[5]

In conclusion, the court finds Debtor's actions regarding the sale of the artwork and the Santa Barbara real property to be in violation of the Debtor's Settlement Agreement and this court's orders. Specifically, Debtor interfered with the Trustee's administration of the estate in selling assets.

<u>Violation of Debtor Duties under § 521</u>

A debtor in bankruptcy has duties as stated in §521, including to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties," and

---

[5] *In re Brooks-Hamilton*, 348 B.R. 512, 525 (Bankr. N.D. Cal. 2006).

"surrender to the trustee all property of the estate…"[6] Likewise, the Federal Rules of Bankruptcy Procedure require the debtor to "cooperate with the trustee in the… administration of the estate."[7]

Trustee's duties to the bankruptcy estate include, "clos[ing] [the] estate as expeditiously as is compatible with the best interests of the parties in interest."[8] A debtor who fails to comply with their responsibilities under the Code may be subject to sanctions.[9] Bankruptcy courts may enter civil contempt orders as an enforcement tool under § 105.[10] Monetary awards and filing restrictions are within the Court's sanction authority.

In conclusion, the court finds that Debtor violated the settlement agreements by interfering in the sale of the artwork after he failed to properly exercise his option to purchase the additional artwork. Debtor violated (1) the terms of the Debtor Settlement Agreement that provided that the Trustee had the authority, without further objections by the Debtor, to sell the assets of this estate; and (2) this court's order filed on April 11, 2014 authorizing the sale of the art. Additionally, Debtor violated his duties, under the Bankruptcy Code, to cooperate with the trustee in the administration of the bankruptcy estate.

Debtor displays a complete disregard for the Bankruptcy Code and procedures. The court finds his actions to be in bad faith, reckless, abusive and grossly disobedient.

---

[6] § 541(a)(3) and (4).
[7] Fed. R. Bankr. P. 4002(4).
[8] 11 U.S.C. § 704(a)(1).
[9] *Beach v. Morris (In re Beach)*, 281 B.R. 917, 921 (B.A.P. 10th Cir. 2002); *In re Paige*, 365 B.R. 632, 638 (Bankr. N.D. Tex. 2007).
[10] *Mountain America Credit Union v. Skinner (In re Skinner)*, 917 F.2d 444, 447 (10th Cir. 1990).

After failing to object to the Trustee's motion to sell the Santa Barbara property and the entry of the court's order approving the sale, Debtor appealed the matter to the BAP without requesting a stay pending his appeal and providing a bond to protect the bankruptcy estate from harm, i.e. the loss of the sale. Debtor instead violated the Bankruptcy Code's automatic stay provisions,[11] the Debtor Settlement Agreement and the court's order approving the sale of the property by filing the Notice of Pendency of Action in the California real estate records, muddying the record and effectively halting the sale.

Based upon the above discussion and analysis, the court finds Debtor in contempt of the (1) Debtor Settlement Agreement, (2) this court's orders approving the sale of the artwork and Santa Barbara assets and (3) the duties of a Debtor under the Bankruptcy Code. Additionally, the court finds Debtor's action of filing the *lis pendens* is in violation of the automatic stay.

**Remedies**

Monetary sanctions

Trustee shall provide the Court a Bill of Costs, pursuant to the Fed. R. Civ. P. 54 and Wyoming LBR 7054-1 within 21 days of the entry of the judgment.

Lis pendens

The court finds that Debtor's action of filing a lis pendens on the Santa Barbara real property, which is property of debtor's bankruptcy estate, is a violation of the automatic stay and is null and void.

---

[11] *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1022 (10th Cir. 1994).

The court previously entered an order regarding filing restrictions for Debtor's future pleadings and incorporates those requirements into this opinion.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021

DATED this 6 day of January, 2015.

                        By the Court

                        HONORABLE PETER J. MCNIFF
                        United States Bankruptcy Judge

Service to:
    Robert Lane
    John Smiley