IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROBERT M. LANE aka BOB LANE, | ) | Case No.  11-20398 |
| | ) | Chapter 7 |
| Debtor. | ) | |

**OPINION ON TRUSTEE'S BILL OF COSTS**

On April 28, 2015, the Court held an evidentiary hearing on the *Trustee's Bill of Costs in Support of Sanctions Pursuant to Opinion and Judgment Granting Trustee's Second Motion for Sanctions Against Robert M. Lane* ("Bill of Costs")[1] and the Debtor's objection. The Bill of Costs was submitted pursuant to this Court's *Opinion* and *Judgment on Trustee's Second Motion for Contempt Sanctions Against Robert M. Lane* ("Judgment")[2]. The Court, having carefully considered the applicable pleadings, evidence and legal arguments presented by the parties, makes the following findings of fact and conclusions of law.

### BACKGROUND

The Debtor filed for chapter 7 bankruptcy protection on April 19, 2011. His discharge was entered on August 5, 2011. After a plethora of litigation between the Trustee, the Debtor and related parties, settlement agreements were entered into and approved by the Court, to resolve the issues and allow the Trustee to administer the

---

[1] *See* Docket No. 1246.

[2] *See Opinion on Trustee's Second Motion for Contempt Sanctions Against Robert M. Lane* (Docket No. 1235) and *Judgment on Trustee's Second Motion for Contempt Sanctions Against Robert M. Lane* (Docket No. 1236), respectively.

estate's assets.[3]

This Court, after an evidentiary hearing held November 5, 2014 on *Trustee's Second Motion for Contempt Sanctions Against Robert M. Lane*[4] found Debtor in contempt of: (1) the Debtor Settlement Agreement, (2) this Court's orders approving the sale of the artwork and Santa Barbara assets; (3) Debtor's duties under the Bankruptcy Code; and, (4) in filing the *lis pendens* action, "muddying the record and effectively halting the sale of the Santa Barbara real property." Trustee was ordered to submit a Bill of Costs for a determination of monetary sanctions. Trustee filed his Bill of Costs seeking actual damages of: (1) attorney fees of $455,125.50; and, (2) $400,000.00, representing the diminution of the sale price of the California real property due to Debtor's actions.

## DISCUSSION

**Attorney Fees**

The Trustee requests attorney fees in the amount of $455,125.50. The Court reviewed the testimony, evidence and the itemization of services and time detail ("Detail") provided to the Court,[5] and finds certain listings that do not reflect the services provided are directly attributable to the Opinion and Judgment. Trustee did not present testimony to clarify or explain the descriptions. Those descriptions for services which the

---

[3] See Order Approving Family Settlement Agreement ("Family Settlement Agreement") (Docket No. 333) and Order Approving Settlement Agreement Between the Trustee and Debtor ("Debtor Settlement Agreement"), Docket No. 332.

[4] See Second Motion for Contempt Sanctions Against Robert M. Lane (Docket no. 779).

[5] Trustee's Exhibit 17.

Court could not find a relevant connection were denied.

The Court also found descriptions bundling services and time. In these instances, the Court, unable to determine the time spent on allowable services, denied the entire amount. Additionally, the Court disallowed all services referencing appeals. Overall the Court found the following reduction in hours of service:

| Name | Reduction in requested hours |
|---|---|
| Smiley | 50.7 |
| Hartl | 157.8 |
| Morris | 61.9 |
| Gilbert | 20.8 |
| Kanan | 2.2 |
| Roberts | 8.6 |
| Toms | 1.9 |

The Court, calculating the hourly rate for each individual, reduces the amount of sanctions for attorney fees in the amount of $133,466.50. Based upon the Court's calculation, the amount of sanction to be awarded to the Trustee is $321,659.00.

**Diminution of Sale Price of Santa Barbara Real Property**

Trustee asserts the estate suffered a loss of $400,000.00 as a result of Debtor's actions. The Trustee was unable to attend the hearing and did not testify. Trustee's counsel testified the Trustee accepted a reduced sale price to circumvent losing the buyer, due to the Debtor's actions that delayed the closing of the sale of the house. Trustee did

not provide testimony regarding the real estate market, other potential buyers, the costs of sale or other factors that supported his decision to sale the property at a reduced price. The Court finds the Trustee did not carry his burden proving the estate suffered the loss due to Debtor's actions. Therefore, the Court denies the request for sanctions against the Debtor in the amount of $400,000.00.

The Court found the Debtor in contempt and his actions sanctionable as provided in the Opinion and Judgment. Debtor argued monetary sanctions may not be entered against him due to his lack of income. However, the Debtor's behavior is not without ramifications and the Court finds the sanctions appropriate. The monetary sanctions may be deducted from any surplus available from the bankruptcy estate prior to distribution to the Debtor.

In conclusion, the Court sanctions the Debtor the amount of $321,659.00 in attorney fees. Trustee's request for a sanction based upon the diminution of the sale price of the Santa Barbara property is denied.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

BY THE COURT:

_____
Honorable Michael E. Romero
United States Bankruptcy Court